UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STUART DIZAK,

                     Petitioner,

    v.                                                 9:19-CV-1104
                                                          (MAD/DJS)
SUPERINTENDENT HENNESSY,

                     Respondent.

---

APPEARANCES:                                                    OF COUNSEL:

STUART DIZAK
Petitioner, pro se
09-B-3893
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

       Petitioner Stuart Dizak filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as an application to proceed in forma pauperis ("IFP") and a motion requesting appointment of counsel. Dkt. No. 1, Petition ("Pet."); Dkt. No. 2, Motion for Counsel; Dkt. No. 5, IFP Application. Pursuant to a Decision and Order from this Court, the case was transferred to the United States District Court for the Western District of New York ("Western District") because that was the district within which petitioner's underlying state criminal conviction and sentence, which he is challenging in his petition, were issued. Dkt. No. 8, Decision and Order dated 9/25/19 ("September Order").

In response to the September Order, petitioner filed the pending motion for reconsideration. Dkt. No. 10. In his motion, petitioner reasserts his prior arguments that venue in the Western District is improper because the state trial and appellate court judges – who presided over petitioner's trial proceedings and direct appeal – were biased and had a conflict of interest. *Id.* at 1. Petitioner contends venue is appropriate in this Court because detailed allegations of the bias and conflict have already been presented to, and updated with, another judge in this district in a separately pending civil action. *Id.* at 1-2. Accordingly, petitioner again argues that Judge McAvoy is already intimately familiar with petitioner's bias and conflict of interest claims and is the appropriate neutral party to adjudicate them, now through the vehicle of a habeas petition. *Id.* Petitioner also expresses his disagreement with the Court's interpretation of the case law which it cited in the September Order. *Id.* at 2.

"The standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented. *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Servcs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007).

Petitioner has not provided any reason which justifies reconsideration of the Court's prior order. Instead he reasserts the same arguments from his initial petition about judicial bias and conflict of interest and argues that the Court's analysis is incorrect. Petitioner has

not demonstrated that any controlling decisions or material facts were overlooked that might have influenced the Court's prior Order. Nor has he shown that any clear error of law must be corrected, or manifest injustice prevented. Petitioner's disagreement with this Court's decision is not a basis for reconsideration. *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007). As a result, reconsideration of the Court's decision is not warranted.

**WHEREFORE**, it is

**ORDERED** that petitioner's motion for reconsideration (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: October 11, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge